IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SILAS MARTIN, AIS # 145609,       )
                                  )
        Plaintiff,                )
                                  )
v.                                )        CASE NO. 2:26-CV-104-WKW
                                  )               [WO]
JOHN HAMM, *et al.*,              )
                                  )
        Defendants.               )

## MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION

Plaintiff Silas Martin, an inmate in the custody of the Alabama Department of Corrections (ADOC), filed this *pro se* 42 U.S.C. § 1983 complaint against five Defendants:  John Hamm; John Crow; C. Apiri; Ms. Barnes; and Nurse Peterson. (Doc. # 1.)  However, Plaintiff has filed at least three federal lawsuits that have been dismissed as frivolous, malicious, or for failure to state a claim, and, after a hearing on the issue, Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action.  *See* 28 U.S.C. § 1915(g).  Hence, he was required to pay the $405.00 filing fee at the time he initiated this action.[1]  Because he did not submit the $405.00 filing fee, this action will be dismissed without prejudice under § 1915(g).

---

[1] If a person is not granted *in forma pauperis* status under 28 U.S.C. § 1915, the filing fee for a non-habeas civil action includes a $350.00 statutory fee under 28 U.S.C. § 1914(a) and a $55.00

## II.  DISCUSSION

### A.    The PLRA's "Three Strikes" Provision

The Prison Litigation Reform Act (PLRA) imposes specific restrictions on civil rights lawsuits filed by inmates in federal court.  One key restriction is known as the "three strikes" provision, which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g).  Section 1915(g)'s purpose is "to curtail abusive prisoner litigation." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam); *see also Wells v. Brown*, 58 F.4th 1347, 1355 (11th Cir. 2023) ("By taking away the privilege of proceeding in forma pauperis from prisoners who have struck out, the rule is 'designed to filter out the bad claims and facilitate consideration of the good.'" (quoting *Jones v. Bock*, 549 U.S. 199, 204 (2007)).  Under this provision, if a prisoner has three or more qualifying dismissals ("strikes") and fails to pay the required $405.00 fee at the time the new complaint is filed, the court must dismiss the case without prejudice.  *See Dupree*, 284 F.3d at 1236.  As the Eleventh Circuit

---

general administrative fee, as set forth in § 1914(b) and the District Court Miscellaneous Fee Schedule established by the Judicial Conference of the United States.

explained in *Dupree*, the three-striker cannot cure such failure by paying the filing

fee after the complaint has been filed:

> We conclude that the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.

*Id.*; *accord Daker v. Ward*, 999 F.3d 1300, 1310 (11th Cir. 2021).

Plaintiff has filed numerous civil actions in the United States District Court

for the Middle District of Alabama while incarcerated and has accumulated at least

three strikes under § 1915(g).[2] *See, e.g.*, *Martin v. Hulett*, No. 2:03-cv-1174-MHT-

TFM (M.D. Ala. filed Dec. 1, 2003) (appeal dismissed as frivolous); *Martin v.*

*Pickett*, No. 3:08-cv-511-TMH-SRW (M.D. Ala. filed June 30, 2008) (claims

dismissed under 28 U.S.C. § 1915(e)(2)(B)(i)); and *Martin v. Auburn Police Dep't*,

No. 3:15-cv-307-MHT-SRW (M.D. Ala. filed May 7, 2015) (claims dismissed under

---

[2] Courts regularly take judicial notice of a prisoner's litigation history in federal courts when determining whether the prisoner has accrued three strikes under § 1915(g). *See, e.g.*, *Lloyd v. Benton*, 686 F.3d 1225, 1226 (11th Cir. 2012) (noting the district court took "judicial notice of [the prisoner's] status as a 'three strikes' litigant under the PLRA"); *Lee v. Fla. Dep't of Corr.*, 2025 WL 1113423, at *1 & n.1 (S.D. Fla. Apr. 15, 2025) (taking judicial notice of the prisoner's prior federal lawsuits to dismiss the action under the "three-strikes" rule); *Burton v. Walker*, 2025 WL 241115, at *2 (M.D. Ala. Jan. 17, 2025) (taking judicial notice of its own records to evaluate the prisoner's three-strikes status under § 1915(g)); *see also United States v. Glover*, 179 F.3d 1300, 1303 n.5 (11th Cir. 1999) ("A court may take judicial notice of its own records and the records of inferior courts." (citation and internal quotations marks omitted). Moreover, the final dispositions of a prisoner's prior federal lawsuits "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The provided list of Plaintiff's "strikes" may not be exhaustive.

28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)).  These dismissals place Plaintiff in violation of § 1915(g).[3]  Consequently, multiple subsequent civil actions filed by Plaintiff have been dismissed as barred by § 1915(g)'s three-strikes provision.  *See, e.g., Martin v. Newman*, No. 2:15-cv-839-MHT-SRW (M.D. Ala. filed Nov. 6, 2015) (dismissed March 7, 2016, pursuant to § 1915(g)); *Martin v. Treese*, No. 3:16-cv-377-WHA-SRW (M.D. Ala. filed May 25, 2016) (dismissed June 29, 2016, pursuant to § 1915(g)); and *Martin v. Robertson*, No. 3:20-cv-630-MHT-CSC (M.D. Ala. filed Aug. 28, 2020) (dismissed October 19, 2020, pursuant to § 1915(g)).

**B.    Exception to the "Three Strikes" Provision**

Because Plaintiff has accrued three strikes under § 1915(g), he cannot proceed *in forma pauperis* in this case.  He was required to pay the $405.00 filing fee at the time he initiated this action and did not do so.  However, there is an exception to the three-strikes rule:  A three-striker can proceed *in forma pauperis* if he was "under imminent danger of serious physical injury" at the time he filed his complaint.  28 U.S.C. § 1915(g) (emphasis added); *see also Daker v. Ward*, 999 F.3d 1300, 1310–

---

[3] Plaintiff checked the box to acknowledge that he has "begun other lawsuits in state or federal court relating to [his] imprisonment," but he mentions only one lawsuit that is currently pending in the Middle District of Alabama:  *Martin v. Yes Care LLC*, No. 2:25-cv-672-ECM-JTA (M.D. Ala. filed Aug. 27, 2025).  (*See* Doc. # 1 at 1–2.)  Contrary to his representation, Plaintiff has filed 33 suits in the Middle District of Alabama over the years (including this suit and the separate, pending suit acknowledged in his complaint).  Additionally, Plaintiff has been advised previously by federal courts in at least three separate cases that he is subject to the three-strikes bar under § 1915(g).  Plaintiff is cautioned that his status as a *pro se* litigant does not excuse him from the obligation to provide truthful and complete information regarding his litigation history and that a failure to do so in future actions, following notice and an opportunity to respond, may serve as an independent basis for dismissal of those actions as a sanction.  *See Mitchell v. Nobles*, 873 F.3d 869, 875 (11th Cir. 2017).

11 (11th Cir. 2021) ("To satisfy this exception, the prisoner must show he is in imminent danger 'at the time that he seeks to file his suit in district court . . . .'" (quoting *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999))). Allegations of past harm do not satisfy the requirements of the statutory exception. *Daker*, 999 F.3d at 1311; *see also Medberry*, 185 F.3d at 1193 ("[A] prisoner's allegation that he faced imminent danger sometime in the past is . . . insufficient."). Additionally, generalized assertions, lacking "specific fact allegations" to demonstrate that serious physical injury is imminent, are insufficient to trigger the exception under § 1915(g). *Medberry*, 185 F.3d at 1193; *see also Daker*, 999 F.3d at 1311 (holding that "[g]eneral assertions . . . are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury'" (quoting *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004))). In assessing whether a prisoner has shown "imminent danger of serious physical injury" under § 1915(g), the court considers the complaint, in its entirety, "construing it liberally and accepting its allegations as true." *Daker*, 999 F.3d at 1311 (quoting *Brown*, 387 F.3d at 1350).

In his complaint, which was filed on February 13, 2026,[4] Plaintiff alleges that he was attacked by several inmates on December 14, 2025, resulting in a broken

---

[4] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th

jawbone, a "serious bruise" on the left side of his head, and "cuts that looked like stab[] wounds." (Doc. # 1-1 at 1–2.) Plaintiff claims that he has requested an appointment with a neurologist "to see if [he] suffered some kind of brain damage[], or bleeding on the brain" but his requests have been denied. (*Id.* at 4.) He also claims that, without an Order directing "Nurse Barnes and[] Nurse Peterson (YesCare LLC) to schedule him an outside appointment with a 'neurologist,'" he "might be irreparably harmed if he's bleeding on the brain." (*Id.* at 6.)

Based on the allegations in Plaintiff's complaint, a videoconference hearing was scheduled for March 10, 2026, to determine whether Plaintiff was "under imminent danger of serious physical injury" such that he would be permitted to proceed *in forma pauperis* in this case. (Doc. # 2.) Prior to the hearing, CHS AL, LLC d/b/a YesCare Corp. ("YesCare"), a nonparty, filed a brief regarding Plaintiff's medical condition, along with 83 pages of sick-call requests and medical records. (Docs. # 10, 10-1.) Following the March 10 hearing, YesCare was directed to supplement the record with the status of the consultation request for a CT scan of Plaintiff's brain, which the Utilization Management Medical Director was reviewing at the time of the hearing. (Doc. # 13.) On March 18, 2026, YesCare supplemented

---

Cir. 2009). Absent evidence to the contrary, the court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). It appears that Plaintiff signed and dated his complaint "February 13, 2025." (Doc. # 1 at 4.) Because the complaint's allegations center around incidents that occurred in December 2025 and January 2026, and because the mailed complaint is postmarked February 13, 2026, it is assumed that Plaintiff meant to date his complaint February 13, 2026.

the record, providing confirmation that the Utilization Management Medical Director approved Plaintiff for a CT scan of his head without contrast and that Plaintiff is scheduled for the scan.  (Doc. # 15.)  After consideration of the matters addressed at the March 10 hearing and YesCare's brief, medical records, and supplement to the record, Magistrate Judge Pate, who conducted the hearing, found that Plaintiff is not under imminent danger of physical injury.  (Doc. # 17.)

Plaintiff has filed three applications to proceed *in forma pauperis*.  (Docs. # 4, 11, 16.)  However, he does not meet the imminent-danger exception to the three-strikes provision under § 1915(g), and this case will be dismissed without prejudice.

### III.  CONCLUSION

Plaintiff has filed at least three federal lawsuits while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), and he has not shown that he was under imminent danger of serious physical injury when he filed his complaint in this action.  Therefore, Plaintiff was required to pay the $405.00 filing fee at the time of filing his complaint but failed to do so.  Accordingly, it is ORDERED that this action is DISMISSED without prejudice under 28 U.S.C. § 1915(g).

It is further ORDERED that Plaintiff's pending motion for status (Doc. # 3), his pending applications to proceed *in forma pauperis* (Docs. # 4, 11, & 14), and his motion to remove parties (Doc. # 18) are DENIED as moot.

7

Final Judgment will be entered separately.

DONE this 1st day of April, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE