IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SILAS MARTIN, AIS # 145609,    )
    )
    Plaintiff,    )
    )
    v.    )    CASE NO. 2:26-CV-104-WKW
    )    [WO]
JOHN HAMM, *et al.*,    )
    )
    Defendants.    )

## ORDER

Before the court is Plaintiff's *pro se* notice of appeal (Doc. # 27), which is construed as containing a motion for leave to appeal *in forma pauperis*.  The motion will be denied, and the $605.00 filing fee will be assessed.

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  In making this determination as to good faith, the court must use an objective standard, such as whether the appeal is "frivolous," *Coppedge v. United States*, 369 U.S. 438, 445 (1962), or "has no substantive merit," *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 1981)[1] (per curiam).

---

[1] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued before September 30, 1981.  661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Applying this standard, the court is of the opinion that Plaintiff's appeal has no legal or factual basis and, accordingly, is frivolous and not taken in good faith. *See Rudolph v. Allen*, 666 F.2d 519, 520 (11th Cir. 1982) (per curiam).

Accordingly, it is ORDERED that Plaintiff's construed motion for leave to appeal *in forma pauperis* (Doc. # 27) is DENIED.

It is further ORDERED that, under the provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(b), Plaintiff is required to pay the $605.00 fee for filing this notice of appeal.  It is, therefore, ORDERED that:

1.    If the funds in Plaintiff's prison account exceed $605.00, those persons having custody of Plaintiff shall forward to the Clerk of this Court the $605.00 appellate filing fee.

2.    If the funds in Plaintiff's prison account are less than $605.00, those persons having custody of Plaintiff shall—

a.    make an initial partial payment to this court equal to the greater of the following amounts:

i.    20% of the average monthly deposits to Plaintiff's account for the 6-month period immediately preceding the date Plaintiff filed his notice of appeal; or

ii.    20% of the average monthly balance in Plaintiff's account for the aforementioned 6-month period.

2

  b.  make additional monthly payments of 20% of each preceding month's income credited to Plaintiff's account until the balance of the $605.00 fee is paid. These additional monthly payments shall be deducted from Plaintiff's prison account each time the amount in this account exceeds $10.00 until the $605.00 filing fee is paid in full.

  3.  Where the appellate court enters a judgment against Plaintiff for payment of costs at the conclusion of the appeal, including any unpaid portion of the required $605.00 filing fee, those persons having custody of Plaintiff shall continue making monthly payments to this court in accordance with the installment plan outlined in ¶ 2.b. until the full amount of the ordered costs is paid.

  To aid those persons having custody of Plaintiff in complying with the requirements of this order, the Clerk of Court is DIRECTED to furnish a copy of this Order to the inmate account clerk at the facility where Plaintiff is detained. The account clerk is advised that, if Plaintiff is transferred to another prison or detention facility, he shall furnish this Order to the appropriate official at the institution where Plaintiff is transferred so the custodial agency can assume the duties of collecting and forwarding any remaining monthly payments to this court.

  Plaintiff is advised that if, before he has paid the $605.00 filing fee, the appellate court disposes of his appeal—by dismissing the appeal for lack of jurisdiction, want of prosecution, or because it is frivolous, or by deciding the appeal

on the merits—he remains obligated to pay the $605.00 filing fee. The filing fee will be collected from any funds which become available to Plaintiff and will be forwarded to this court by those persons having custody of Plaintiff pursuant to the directives in this Order.

DONE this 21st day of April, 2026.

_____/s/ W. Keith Watkins_____
UNITED STATES DISTRICT JUDGE